ALL RUSSIAN TEXTILE SYNDICATE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31144, 40764.   Promulgated August 31, 1931.

*Courtland Kelsey, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

1393

## OPINION.

GOODRICH: The record in this case, which was submitted upon a stipulation of facts and the pleadings, is unsatisfactory in that it does not fully disclose the methods of operation of this corporation, the complete relation between it and its principal, and the nature of the principal. Petitioner does no selling, but only buying. Apparently it was so designed that, although substantial amounts of property and money would pass through its hands, it should never derive a profit nor sustain a loss from its dealings, but would always come out even. It was intended that, with funds furnished by its principal, it should purchase and forward goods to the principal as ordered, paying all bills, whether for the purchase price of the goods or further expense incident to the purchase and forwarding thereof. It was further intended that the principal should reimburse petitioner for the total amounts expended by it on account of such purchases and expenses in connection therewith; and that such reimbursements should be petitioner's only receipts. Had the corporation been managed according to this plan it probably never would have had a taxable income, since it could show neither profit nor loss; but this plan was not adhered to. Petitioner was permitted to derive a profit from trading in cotton futures and to receive interest upon funds deposited in banks in its name. That such items of income are taxable is too clear to merit discussion. (See section 233, Revenue Acts of 1921, 1924 and 1926.) The action of respondent is sustained as to issues (1) and (2).

As to the third issue, we conclude that the expenditures made by petitioner incident to purchasing and forwarding goods to its principal are a part of the cost to the principal of the goods so purchased, and, as such, are not deductible from petitioner's income. Petitioner purchased no goods for its own account. All its purchases were made for and on behalf of its principal, not for itself. Therefore, these expenditures incident to the purchase and exportation of the goods to the principal, were made on behalf of the principal, and not on petitioner's own account. They represent additional cost to the principal of the goods purchased for and forwarded to it by its agent, and are not ordinary and necessary expenses of petitioner, deductible under the provisions of section 234 of the Revenue Acts of 1924 and 1926. Respondent's action with respect to the third issue is sustained.

*Judgment will be entered for respondent.*